1    Presented to the Court by the foreman of the
2    Grand Jury in open Court, in the presence of
    the Grand Jury and FILED in The U.S.
3    DISTRICT COURT at Seattle, Washington.

*AUGUST 1* ....... 20__

4          BRUCE RIFKIN,   Clerk

5    By_____ Deputy

6

7           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

| | | |
|---|---|---|
| 9   UNITED STATES OF AMERICA, | ) | |
| | ) | NO.   CR05-231JCC |
| 10         Plaintiff, | ) | |
| | ) | |
| 11          v. | ) | FIRST SUPERSEDING |
| | ) | INDICTMENT |

12 · GEORGE WEGERS a/k/a Bandido George,
    · GLENN WILLIAM MERRITT a/k/a Bandido Glenn,
13 · HUGH GALE HENSCHEL a/k/a Corky,
    · CHRISTOPHER HORLOCK a/k/a Bandido Chris,
14 · JIMMIE GARMAN a/k/a Jimbo,
    · WILLIAM EDWIN JAMES a/k/a Bandido Willie,
15 · BERNARD RUSSELL ORTMAN
       a/k/a Bandido Bernie,
16 · DALE ROBERT GRANMO a/k/a Crankcase,
    · AARON KENNETH WISE,
17 · ROBIN WADE HUNDAHL,
    · WILLIAM BLAINE BEACH, JR.,
18 · STEPHEN DALE KOESTER,
    · ROBERT RANDALL ALEXANDER,
19 · RICKY THOMAS LOOKEBILL,
    · MICHAEL TRENT McELVARY,
20 · FRANK OFFLEY a/k/a Franko,
    · BRITT AUGUSTUS ANDERSON,
21 · VINCENT REEVES,
    · RICHARD MacMILLAN,
22 · JAMES AUSTIN PENNELL,
    · JULIE ANDERSON,
23 · WALTER BAIL,
    · ANTHONY DEVRIES a/k/a Bandido Tony,
24 · DARRELL J. MORRIS a/k/a Cutter,
    · STEVEN D. GLENN,
25 · GERALD RASCHKA,
    · LEONARD RASCHKA, and,
26 · MICHAEL PLEICH a/k/a Spyke,

27          Defendants.

28

05-CR-00231-INDI

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 1

The Grand Jury charges that:

## COUNT 1

### (Racketeer Influenced and Corrupt Organization - RICO)

**A. Introduction**

    1.    At all times relevant and material to this indictment, there was an "enterprise," as that term is defined by Title 18, United States Code, Section 1961(4), known as the Bandidos Outlaw Motorcycle Organization, collectively referred to herein as the "Bandidos OMO"; that is, a group of individuals associated in fact, although not a legal entity, which engaged in, and the activities of which affected, interstate commerce.

    2.    As set forth more fully below, the enterprise had an ascertainable structure separate and apart from the structure inherent in the conduct of the alleged pattern of racketeering activity, including a hierarchical system of authority that guided the operation of the enterprise. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. Specifically, the enterprise engaged in acts of violence, including kidnaping, threats of violence, witness tampering, extortion, motor vehicle trafficking, and drug trafficking, which operated predominantly in the United States, including the States of Washington and Montana.

    3.    The Bandidos OMO has approximately 168 or more chapters in fourteen countries on three continents, and approximately 90 chapters in the United States with 14 chapters in Washington State. The Bandidos OMO membership is estimated at 2,400 or more members. The National and International President, George Wegers, resides in Bellingham, Whatcom County, Washington.

    4.    The Bandidos OMO is a highly organized criminal enterprise which adheres to a hierarchical chain of command both nationally and locally. National officers include the President, Vice-President, Secretary, Treasurer, and Sergeant-at-Arms, who are the most powerful and influential members of the enterprise. Below the national chapter are local chapters which are divided up according to geographical locations. The enterprise is

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  operated through a strict chain of command.  Each Bandidos OMO Chapter has a

2  President, a Vice-President, a Sergeant-at-Arms, and a Secretary/Treasurer.  Each officer

3  has specific obligations to the enterprise and each is responsible for maintaining records

4  and providing information or security for the chapter.  The Chapter Presidents report

5  directly to the National President.

6       5.  The President is the highest-ranking officer in the local chapter.  Each

7  President is responsible for holding weekly chapter meetings, known as "church"

8  meetings.  Presidents are required to attend regularly-held Presidents' meetings, and

9  mandatory Bandidos OMO "runs" (i.e., members traveling in groups on their Harley

10 Davidson motorcycles and wearing their "colors" to a meeting location).  The Sergeant-

11 at-Arms of each chapter is in charge of security and enforcement activities related to the

12 chapter.  The Secretary/Treasurer for the chapter is responsible for maintaining minutes

13 of "church" and other meetings.  The Secretary/Treasurer is also responsible for

14 maintaining records of bank accounts and club funds, as well as collecting fines and dues

15 and paying dues to the National Secretary.  Each Bandidos OMO member is required to

16 pay chapter and national dues, and are typically required to pay a "road tax," which is a

17 percentage of their proceeds derived from their involvement in criminal activities, or

18 obligation of an asset such as a motorcycle, motor vehicle part, drugs, or other

19 contraband, to their respective chapter.

20      6.  The Bandidos OMO is a closed society.  Allegiance to this organization

21 and their fellow brothers is valued above all else.  Witnesses to their criminal acts  are

22 typically the victims of acts of intimidation or harassment and are too afraid to approach

23 law enforcement or testify in court proceedings.  Bandidos OMO members do not fear

24 authority and have a complete disdain for the rules of society.  The Bandidos are very

25 careful about admitting individuals into their enterprise.  There is a lengthy process before

26 one can become a "full patch" member, as defined below.  This process is designed to

27 guard against law enforcement infiltration into the enterprise.  First, the prospective

28 member is allowed to associate with enterprise members.  After a period of time they are

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 3

1 | identified as a "hangaround" and obligated to do menial tasks for full club members. The
2 | next phase is that the person becomes a "prospect" which requires being sponsored by a
3 | full patch member. The club members then vote on whether the "prospect" can become a
4 | full patch member.

5 |      7.    Full patch members are required to own Harley Davidson motorcycles and
6 | to wear clothing with patches that symbolize the club. These patches are commonly
7 | known as club "colors." The colors consist of an upper patch that identifies the Bandidos
8 | OMO club name. The center section is the emblem of the club. The bottom patch is
9 | representative of the state where the members' chapter is located, or in the case of the
10 | national officers, their actual office. Full patch members wear a 1% patch, which is a
11 | diamond shaped patch worn on the OMO colors. The 1% symbol is derived from a
12 | statement by the American Motorcycle Association ( AMA), that 99% of the country's
13 | motorcyclists are law-abiding individuals. The 1% symbol has become the symbol of the
14 | outlaw biker. Members who wear their Bandidos "colors," that is, the clothing depicting
15 | the Bandidos patch, do so with the authority of the OMO and are required to wear their
16 | "colors" when they are on riding their Harley Davidson motorcycles.

17 |      8.    The Bandidos OMO established, protected, and controlled certain
18 | geographical areas throughout the country through the use and threatened use of
19 | violence, intimidation, and assaults. At all times relevant to this indictment, the
20 | Bandidos OMO declared Washington State and Montana State as their territory. Other
21 | rival motorcycle clubs were required to receive permission from the Bandidos OMO to
22 | establish a chapter in these states and in other Bandidos OMO controlled states. Failure
23 | to obtain the Bandidos OMO permission would typically result in escalating threats and
24 | confrontation.

25 | **B. Objectives of the Enterprise**

26 |      9.    The objectives and purposes of the Enterprise included the following:

27 |      a.    Making money for the Enterprise through, among other things,
28 | extortion, drug trafficking, and trafficking in motor vehicles and motor vehicle parts;

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 4

1          b.      Preserving and protecting the power, territory and profits of the

2 Enterprise through intimidation, extortion, and threats of violence against rival

3 motorcycle clubs;

4          c.      Promoting and enhancing the reputation of the Enterprise; and,

5          d.      Keeping victims, potential informants and witnesses, and the public-

6 at-large in fear of the Enterprise through extortion, intimidation, threats of violence, and

7 assaults.

8 **C. Membership and Roles of the Enterprise**

9        10.    **RICO DEFENDANTS**

10          a.      GEORGE WEGERS a/k/a Bandido George, is the National and

11 International President for the Bandidos OMO. In his role as the National and

12 International President of the Bandidos OMO, Wegers has ultimate decision-making

13 authority for the activities of the Bandidos OMO. While each individual regional chapter

14 has a president, Wegers is knowledgeable about and involved in significant decisions that

15 affect the Enterprise and its goals, particularly its criminal activities. These decisions

16 include directing, sanctioning, approving, and permitting other members to negotiate

17 with members of competing motorcycle clubs to protect the interests of the Bandidos

18 OMO, and to discourage and prevent prospective witnesses from providing information to

19 law enforcement about the Bandidos OMO, and sanctioning and permitting other

20 members to engage in criminal activities including drug trafficking, and the trafficking of

21 motor vehicles and motor vehicle parts.

22          b.      GLENN WILLIAM MERRITT a/k/a Bandido Glenn, is the

23 President of the Bellingham, Washington Chapter of the Bandidos OMO. During at least

24 2002 and 2003, he was the regional officer for Washington and Montana, to whom

25 chapter presidents in those states reported. Merritt reports directly to Wegers and is one

26 of Weger's most trusted lieutenants in the enterprise. Merritt is allowed to exert

27 significant decision-making power and control over the activities of Bandidos members in

28 Washington and, in the past, over the activities of members in Montana. By virtue of his

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   position of authority within the enterprise, Merritt is allowed to engage in criminal

2   offenses, including trafficking of motor vehicles and motor vehicle parts, and distribution

3   of controlled substances.

4           c.      HUGH GALE HENSCHEL a/k/a Corky, is a National Sergeant-at-

5   Arms for the Bandidos OMO. He reports directly to the National and International

6   President, George Wegers. He is responsible for the enforcement of club rules, carrying

7   out disciplinary actions against club members who violate the club rules, and carrying out

8   the directives from Wegers.

9           d.      BERNARD RUSSELL ORTMAN a/k/a Bandido Bernie is President

10   of the Missoula, Montana Chapter of the Bandidos OMO. Ortman reports directly to

11   George Wegers, and is also a trusted lieutenant in the Enterprise. Ortman occupies a

12   position of significant authority and control over members of the Bandidos OMO

13   Missoula Chapter and members in the Hermanos Motorcycle Organization, a support club

14   allied with the Bandidos. Ortman is responsible for ensuring that no other competing

15   outlaw motorcycle club establishes a presence or a Chapter in Montana.

16          e.      BRITT AUGUSTUS ANDERSON a/k/a Bandido Britt was a

17   member of the Bellingham Chapter Bandidos OMO, and is presently a member of the

18   Whatcom County Chapter. He is responsible for carrying out the directives of the chapter

19   presidents and officers. Anderson is an enforcer and initiates disciplinary actions against

20   potential witnesses.

21          f.      ANTHONY DEVRIES is the Vice President of the Bellingham

22   Chapter of the Bandidos OMO. He operates a business, Pacific Powder Coating, located

23   in Ferndale, Washington. Devries is involved in the trafficking of motor vehicles and

24   motor vehicle parts, and utilizes Pacific Powder Coating to facilitate those criminal

25   activities.

26       11.     OTHER MEMBERS AND ASSOCIATES OF THE ENTERPRISE

27          a.      Christopher Horlock a/k/a Bandido Chris, is the National Regional

28   Secretary and Chapter President for the Rapid City Chapter in South Dakota, for the

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 6

1  Bandidos OMO.  Specifically, Horlock takes direction from George Wegers and assists
2  him with negotiating territorial issues with other motorcycle clubs.

3          b.      Jimmie Garman a/k/a Jimbo, is a National Sergeant-at-Arms for
4  the Bandidos OMO.  He reports directly to the National and International President,
5  George Wegers.  He is responsible for the enforcement of club rules, carrying out
6  disciplinary actions against club members who violate the club rules, and carrying out
7  the directives from Wegers.

8          c.      William Edwin James a/k/a Bandido Willie, is the Secretary/
9  Treasurer of the Bellingham Chapter of the Bandidos OMO.  As the Secretary/
10 Treasurer, James is responsible for maintaining records and documents relating to club
11 business that involves or pertains to the Bellingham Chapter, including criminal acts.
12 James is responsible for collecting chapter and national dues, "road tax," and penalties
13 assessed against club members, and for maintaining the Chapter's financial books and
14 records.  James is also allowed to engage in the trafficking of motor vehicles and motor
15 vehicle parts.

16         d.      Dale Robert Granmo a/k/a Crankcase, is a member of the Missoula
17 Chapter of the Bandidos OMO.  Granmo is a close associate of Bernard Russell Ortman
18 and acts under the direction and order of Ortman.  He is responsible for carrying out
19 disciplinary and enforcement directives of Ortman against rival motorcycle club
20 members in Montana.

21         e.      Frank Offley a/k/a Franko was a probationary member of the
22 Bandidos OMO Whatcom County Chapter in May 2003.  Presently he is a full patch
23 member of that Chapter and carries the rank of Sergeant-at-Arms.  He is responsible
24 for carrying out directives of officers of national and local chapters, and in particular,
25 disciplinary actions.

26         f.      Aaron Wise, Robin Hundahl, Ricky Lookebille, and Michael
27 McElvary, William Beach, Jr., are all members of the Missoula Chapter Bandidos

28

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 7

1  OMO. They are responsible for carrying out directives of national officers and chapter

2  presidents.

3      g.  Stephen Koester and Robert Alexander were members of the

4  Hermanos Motorcycle Club, a support club to the Bandidos OMO in May 2003. They

5  were responsible for carrying out the directives of the Bandidos OMO Missoula

6  Chapter.

7      h.  Michael Pleich a/k/a Spyke is a member of the Bellingham Chapter

8  of the Bandidos OMO.

9      i.  Richard MacMillan was a probationary member of the Bellingham

10  Chapter of the Bandidos OMO until January 2004.

11      j.  Gerald Raschka and Leonard Raschka are members of the Mount

12  Hull Chapter of the Bandidos OMO.

13      k.  James Austin Pennell is an associate of the Bellingham Chapter

14  Bandidos OMO and operates Thumbs Up Performance Racing, a motorcycle retail shop

15  in Ferndale, Washington. He is involved in the trafficking of motor vehicles and motor

16  vehicle parts, and utilizes Thumbs Up to facilitate these criminal activities.

17      l.  Vincent Reeves is an associate of the Bandidos OMO, and

18  particularly, with Glenn Merritt.

19      m.  Walter Bail is an associate of the Bandidos OMO, and particularly,

20  with Glenn Merritt.

21      n.  Julie Anderson is an associate of the Bandidos OMO, and

22  particularly, with Glenn Merritt.

23      o.  Darrell Morris a/k/a Cutter is a former member of the Whatcom

24  County Amigos Motorcycle Club, a Bandidos OMO support club.

25      p.  Steven D. Glenn is an associate of the Whatcom County Amigos

26  Motorcycle Club and the Bellingham Chapter of the Bandidos OMO.

27

28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**D.      Means and Methods of the Bandidos OMO**

12.      The ways, means, and methods by which the defendants and their known and unknown members and associates conducted and participated in the conduct of the affairs of the Bandidos OMO are the following:

a.      The leaders of the Enterprise, GEORGE WEGERS, GLENN MERRITT, and BERNARD ORTMAN, participated in the operation and management of the Enterprise, and directed, sanctioned and approved other members of the Enterprise to carry out acts in furtherance of the Enterprise.

b.      Members of the Enterprise and their associates committed, conspired to commit, and threatened to commit acts of violence, including attempted murder, kidnaping, intimidation, and extortion to protect the enterprise's territory.

c.      Members of the Enterprise and their associates promoted a climate of fear through intimidation, violence, and threats of violence.

d.      Members of the Enterprise and their associates used and threatened to use physical violence against various individuals, including rival gang members and prospective witnesses.

e.      Members of the Enterprise and their associates were financially enriched through the trafficking of motor vehicles and motor vehicle parts.

f.      Members of the Enterprise and their associates were financially enriched by distributing controlled substances, including methamphetamine and marijuana.

**E.      The RICO Violation**

14.      Beginning at a time unknown but during the past five years and continuing through on or about June 9, 2005, within the Western District of Washington, and elsewhere, GEORGE WEGERS, GLENN WILLIAM MERRITT, HUGH GALE HENSCHEL, BERNARD RUSSELL ORTMAN, BRITT AUGUSTUS ANDERSON, ANTHONY DEVRIES, and others known and unknown to the Grand Jury, being persons employed by and associated with the Bandidos OMO, the Enterprise as described above,

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    and an enterprise engaged in, and the activities of which affected interstate commerce, did

2    unlawfully and knowingly conduct and participate directly and indirectly, in the conduct

3    of the affairs of that enterprise through a pattern of racketeering activity, that is, through

4    Racketeering Acts one through ten as set forth in Part F below.

5    **F. The Pattern of Racketeering Activity**

6        14.      The pattern of racketeering activity as defined in Title 18, United States

7    Code, Sections 1961(1) through (5) consisted of the following acts:

8        **Racketeering Act 1** - **Conspiracy to Murder J.B.**

9        Beginning at a time unknown, but around approximately October 2001, and

10   continuing until through October 2002, within the Western District of Washington,

11   GEORGE WEGERS, BRITT AUGUSTUS ANDERSON, and others known and

12   unknown, did knowingly and intentionally agree to commit murder, that is, with

13   premeditation, to cause the death of J.B., another person, and under circumstances

14   manifesting an extreme indifference to human life, engage in conduct which would create

15   a grave risk of death to J.B., that could cause the death of J.B., in violation of Revised

16   Code of Washington 9A.28.040 and 9A.32.030.

17        **Racketeering Act 2** - **Extortion Offenses**

18        The defendants named below committed the following acts, either one of which

19   alone constitutes Racketeering Act 2.

20        <u>Racketeering Act 2A - Conspiracy to Commit Extortion</u>

21        Beginning at a time unknown, but during 2002 and 2003, and continuing through

22   March 2003, in the Western District of Washington, GEORGE WEGERS, BRITT

23   AUGUSTUS ANDERSON, and others known and unknown, knowingly and intentionally

24   agreed to commit extortion, that is, to obtain and attempt to obtain the property of G.B. by

25   threat, in violation of Revised Code of Washington 9A.28.040, 9A.56.120, and

26   9A.040.110(25).

27

28

FIRST SUPERSEDING INDICTMENT/
<u>United States v. George Wegers, et al.</u>, CR05-231JCC - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | |
|---|---|
| 1 | Racketeering Act 2B - Extortion |
| 2 | During March 2003, in the Western District of Washington, GEORGE WEGERS, |
| 3 | BRITT AUGUSTUS ANDERSON, and others known and unknown, knowingly obtained |
| 4 | and attempted to obtain the property of G.B. by threat, and such threat communicated an |
| 5 | intent to cause bodily injury to G.B., in violation of Revised Code of Washington |
| 6 | 9A.56.120 and 9A.040.110(25). |
| 7 | **Racketeering Act 3 - Conspiracy to Distribute Methamphetamine** |
| 8 | Beginning at a time unknown, but during 2000 and continuing through March |
| 9 | 2003, within the Western District of Washington and elsewhere, GLENN WILLIAM |
| 10 | MERRITT, BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL, |
| 11 | ANTHONY DEVRIES, and others known and unknown, did knowingly and intentionally |
| 12 | conspire to distribute methamphetamine, a substance controlled under Schedule II of Title |
| 13 | 21,United  Section 812, in violation of Title 21, United States Code, Sections 841(a)(1), |
| 14 | 841(b)(1)(A) and 846. |
| 15 | **Racketeering Act 4 - Kidnaping Offenses** |
| 16 | The defendants named below committed the following acts, either one of which |
| 17 | alone constitutes Racketeering Act 4. |
| 18 | Racketeering Act 4A - Conspiracy to Kidnap S.S. |
| 19 | During May 2003, in the District of Montana, BERNARD RUSSELL ORTMAN, |
| 20 | and others known and unknown, did knowingly and intentionally conspire and agree to |
| 21 | kidnap and restrain S.S., in violation of Montana Annotated Code, Sections 45-2-102 and |
| 22 | 45-2-302. |
| 23 | Racketeering Act 4B - Kidnap of S.S. |
| 24 | On or about May 27, 2003, in the District of Montana, BERNARD RUSSELL |
| 25 | ORTMAN, and others known and unknown, did knowingly and intentionally, without |
| 26 | lawful authority, kidnap and restrain, and aid and abet in the kidnaping and restraining of |
| 27 | S.S. by using or threatening to use physical force, in violation of Montana Annotated |
| 28 | Code, Sections 45-2-302. |

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 11

**Racketeering Act 5:  Conspiracy to Tamper with Witness**

Beginning at a time unknown but during April 2005, within the Western District of Washington and the District of Montana, and elsewhere, GEORGE WEGERS, BERNARD RUSSELL ORTMAN, HUGH GALE HENSCHEL, and others known and unknown, did knowingly and intentionally conspire and agree to corruptly persuade, with the intent to cause or induce another person to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer, all in violation of Title 18, United States Code, Sections 1512(b)(3) and 1512(k).

**Racketeering Act 6 - Witness Tampering Offenses**

The defendants named below committed the following acts, any one of which alone constitutes Racketeering Act 6.

### Racketeering Act 6A - Tampering with a Witness

On or about November 4, 2004, within the Western District of Washington, BRITT AUGUSTUS ANDERSON did knowingly intimidate, threaten and corruptly persuade, with the intent to cause or induce another person, G.B., to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer, in violation of Title 18, United States Code, Sections 1512(b)(3).

### Racketeering Act 6B - Conspiracy to Tamper with a Witness

On or about December 11, 2004, within the Western District of Washington, and elsewhere, HUGH GALE HENSCHEL, and others known and unknown, did knowingly and intentionally conspire and agree to intimidate, threaten and corruptly persuade another person, G.B., with the intent to cause and induce G.B. to withhold testimony from an official proceedings, in violation of Title 18, United States Code, Sections 1512(b)(2)(A) and 1512(k).

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1            Racketeering Act 6C - Tampering with a Witness

2          On or about December 11, 2004, within the Western District of Washington,

3    HUGH GALE HENSCHEL, and others known and unknown, did intimidate, threaten

4    and corruptly persuade, with the intent to cause or induce another person, G.B., to

5    hinder, delay, or prevent the communication to a law enforcement officer of the United

6    States of information relating to the commission or possible commission of a Federal

7    offense, in violation of Title 18, United States Code, Sections 1512(b)(3).

8         **Racketeering Act 7 - Extortion**

9          During November 2002, in the Western District of Washington, BRITT

10   AUGUSTUS ANDERSON, and others known and unknown, knowingly attempted to

11   obtain the property of another, that is, a 2000 Harley Davidson, FXR4, bearing

12   Washington license plate number 688042, or the partial value thereof, by threat, and such

13   threat communicated an intent to do any act which is intended to harm substantially the

14   person threatened or another with respect to his/her health, safety, business, financial

15   condition, or personal relationship, in violation of Revised Code of Washington

16   9A.56.130 and 9A.040.110(25).

17        **Racketeering Act 8: Trafficking of Motor Vehicle (1947 Knucklehead)**

18         Beginning at a time unknown, but during December 2003, and continuing through

19   on or about June 9, 2005, GLENN WILLIAM MERRITT, ANTHONY DEVRIES, and

20   others known and unknown, did knowingly receive, possess, and obtain control of, did

21   aid and abet the receipt, possession, and obtaining the control of, with intent to sell and

22   otherwise dispose of, a motor vehicle to wit: a 1947 Harley Davidson Knucklehead

23   motorcycle, knowing that the vehicle identification number (VIN) of said motor vehicle

24   had been removed, obliterated, tampered with, and altered, in violation of Title 18,

25   United States Code, Sections 2 and 2321(a).

26        **Racketeering Act 9: Trafficking in Motor Vehicle Parts (1998 Bagger)**

27         During at least April 2004, and continuing to on or about June 9, 2005, GLENN

28   WILLIAM MERRITT, and others known and unknown, did knowingly receive, possess,

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | and obtain control of, with intent to sell and otherwise dispose of, a motor vehicle parts to
2 | wit: an engine and miscellaneous engine parts belonging to a 1998 Harley Davidson
3 | Bagger motorcycle, knowing that the vehicle identification number (VIN) of said motor
4 | vehicle parts had been removed, obliterated, tampered with, and altered, in violation of
5 | Title 18, United States Code, Section 2321(a).

6 | **Racketeering Act 10:  Trafficking of Motor Vehicle (1992 Fatboy)**

7 | During at least October 2004, and continuing to on or about April 28, 2005,
8 | GLENN WILLIAM MERRITT, and others known and unknown, did knowingly receive,
9 | possess, and obtain control of, and did aid and abet the receipt, possession, and obtaining
10 | the control of with intent to sell and otherwise dispose of, a motor vehicle to wit: a 1992
11 | Harley Davidson Fatboy motorcycle, knowing that the vehicle identification number
12 | (VIN) of said motor vehicle had been removed, obliterated, tampered with, and altered, in
13 | violation of Title 18, United States Code, Sections 2 and 2321(a).

14 | All in violation of Title 18, United States Code, Section 1962(c).

15 | <center>**COUNT 2**</center>

16 | <center>**(Conspiracy to Commit RICO)**</center>

17 | **The Racketeering Conspiracy**

18 | 1.      Parts A through D in Count 1 of this First Superseding Indictment are
19 | hereby re-alleged and incorporated as if fully set forth herein.

20 | 2.      Beginning at a time unknown but within the last five years, and continuing
21 | until on or about June 9, 2005, within the Western District of Washington, the District of
22 | Montana, the District of Oregon, and elsewhere,  GEORGE WEGERS, GLENN
23 | WILLIAM MERRITT, BERNARD RUSSELL ORTMAN,  DALE ROBERT GRANMO,
24 | HUGH GALE HENSCHEL, BRITT AUGUSTUS ANDERSON, ANTHONY DEVRIES,
25 | and others known and unknown, being persons employed by and associated with the
26 | Bandidos OMO described above, which was an enterprise engaged in, and the activities
27 | of which affected interstate and foreign commerce, unlawfully and knowingly combined,
28 | conspired, confederated, and agreed together and with each other to violate Title 18,

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 14

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  United States Code, Section 1962(c), that is, to conduct and participate directly and

2  indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering

3  activity, as that term is defined by Title 18, United States Code, Sections 1961(1) through

4  (5), consisting of the racketeering acts set forth in Part F of Count 1.

5        3.    It was part of this conspiracy that each defendant agreed that a conspirator

6  would commit at least two acts of racketeering in the conduct of the affairs of the

7  Enterprise.

8        All in violation of Title 18, United States Code, Section 1962(d).

9  **COUNT 3**

10  **(Violent Crime in Aid of Racketeering: Conspiracy to Murder J.B.)**

11        1.    At all times relevant to this Indictment, the Bandidos OMO, as more fully

12  described in Parts A through D of Count 1 of this First Superseding Indictment, which are

13  re-alleged and incorporated by reference as though set forth fully herein, constituted an

14  enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely an

15  organization which was engaged in activities which affected interstate commerce. The

16  enterprise constituted an ongoing organization whose members functioned as a continuing

17  unit for a common purpose of achieving the objectives of the enterprise.

18        2.    At all times relevant to this indictment, as more fully described in Parts A

19  through D of Count 1 of this Indictment, which are re-alleged and incorporated by this

20  reference as though set forth fully herein, the above described enterprise, through its

21  members and associates, engaged in racketeering activity as defined in Title 18, United

22  States Code, Sections 1959(b)(1) and 1961(1).

23        3.    Beginning at a time unknown, but around approximately October 2001, and

24  continuing until through October 2002, within the Western District of Washington,

25  GEORGE WEGERS, BRITT AUGUSTUS ANDERSON, and others known and

26  unknown, did knowingly and intentionally agree to commit murder, that is, with

27  premeditation, to cause the death of J.B., another person, and under circumstances

28

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 15

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | manifesting an extreme indifference to human life, engage in conduct which would create
2 | a grave risk of death to J.B., that could cause the death of J.B.

3 |      All in violation of Title 18, United States Code, Section 1959(a)(3) and Revised
4 | Code of Washington Sections 9A.28.040 and 9A.32.030.

## COUNT 4

### (Violent Crime in Aid of Racketeering: Conspiracy to Kidnap S.S.)

7 |      1.    At all times relevant to this Indictment, the Bandidos OMO, as more fully
8 | described in Parts A through D of Count 1 of this First Superseding Indictment, which are
9 | re-alleged and incorporated by reference as though set forth fully herein, constituted an
10 | enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely an
11 | organization which was engaged in activities which affected interstate commerce. The
12 | enterprise constituted an ongoing organization whose members functioned as a continuing
13 | unit for a common purpose of achieving the objectives of the enterprise.

14 |      2.    At all times relevant to this indictment, as more fully described in Parts A
15 | through D of Count 1 of this First Superseding Indictment, which are re-alleged and
16 | incorporated by this reference as though set forth fully herein, the above described
17 | enterprise, through its members and associates, engaged in racketeering activity as
18 | defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1).

19 |      3.    On or about May 27, 2003, in the District of Montana, for the purpose of
20 | maintaining and increasing their position in the Bandidos OMO, an enterprise engaged in
21 | racketeering activity, BERNARD RUSSELL ORTMAN, DALE ROBERT GRANMO,
22 | AARON KENNETH WISE, ROBIN WADE HUNDAHL, WILLIAM BLAINE BEACH,
23 | JR., RICKY THOMAS LOOKEBILL, MICHAEL TRENT McELVARY, FRANK
24 | OFFLEY, STEPHEN DALE KOESTER, ROBERT RANDALL ALEXANDER, and
25 | others known and unknown, did knowingly and intentionally conspire and agree to kidnap
26 | and restrain, without lawful authority, S.S., by using or threatening to use physical force.

27 |      All in violation of Title 18, United States Code, Section 1959(a)(5) and Montana
28 | Annotated Code, Sections 45-2-102 and 45-2-302.

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 16

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 5

### (Violent Crime in Aid of Racketeering: Kidnaping of S.S.)

1.     At all times relevant to this Indictment, the Bandidos OMO, as more fully described in Parts A through D of Count 1 of this First Superseding Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely an organization which was engaged in activities which affected interstate commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.     At all times relevant to this indictment, as more fully described in Parts A through D of Count 1 of this First Superseding Indictment, which are re-alleged and incorporated by this reference as though set forth fully herein, the above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1).

3.     On or about May 27, 2003, in the District of Montana, for the purpose of maintaining and increasing their position in the Bandidos OMO, an enterprise engaged in racketeering activity, BERNARD RUSSELL ORTMAN, DALE ROBERT GRANMO, AARON KENNETH WISE, ROBIN WADE HUNDAHL, WILLIAM BLAINE BEACH, JR., RICKY THOMAS LOOKEBILL, MICHAEL TRENT McELVARY, FRANK OFFLEY, STEPHEN DALE KOESTER, ROBERT RANDALL ALEXANDER, and others known and unknown, did knowingly and intentionally, without lawful authority, restrain, and aid and abet in the kidnaping and restraining of S.S., by using or threatening to use physical force.

All in violation of Title 18, United States Code, Section 1959(a)(1) and Montana Annotated Code, Sections 45-2-302 and 45-5-203.

//

//

//

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 6

### (Conspiracy to Tamper with Witnesses)

1.     Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.     Beginning at a time unknown but during April 2005 and continuing through on or about June 9, 2005, within the Western District of Washington, and elsewhere, GEORGE WEGERS, JIMMIE GARMAN, CHRISTOPHER HORLOCK, HUGH GALE HENSCHEL, BERNARD RUSSELL ORTMAN, WILLIAM BEACH, JR., and others known and unknown, knowingly and intentionally did conspire and agree to corruptly persuade, with the intent to cause or induce, another person to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer.

In furtherance of the conspiracy, at least one of the following acts was committed by one or more conspirator:

a.     On April 27, 2005, JIMMIE GARMAN, a Bandidos National Sergeant-at-Arms, notified and informed GEORGE WEGERS, Bandidos National President, that federal agents had contacted and interviewed WILLIAM BEACH, a member of the Bandidos Missoula Chapter, regarding the May 27, 2003, kidnaping of S.S.

b.     On April 27, 2005, HUGH GALE HENSCHEL, a Bandidos National Sergeant-at-Arms, notified and informed GEORGE WEGERS, Bandidos National President, that federal agents contacted JIMMIE GARMAN, asking to see Frank Offley. The purpose of the contact was to interview Offley about his knowledge and involvement in the May 27, 2003, kidnaping of S.S.

c.     On April 27, 2005, in a telephone conversation with HUGH GALE HENSCHEL regarding the federal investigation of the kidnaping of S.S., GEORGE WEGERS stated, "everything will be ok if everyone keeps their mouths shut."

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

d.      On April 28, 2005, during a telephone conversation with CHRISTOPHER HORLOCK, a National Secretary, GEORGE WEGERS instructed HORLOCK to tell others not to talk to the "feds."  WEGERS further stated: "Make sure anybody, everybody knows we're not talking to those people and not talking to those people means not having any conversation with those people."

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 1512(k).

## COUNT 7

### (Violent Crime in Aid of Racketeering: Assault of G.B.)

1.      At all times relevant to this Indictment, the Bandidos OMO, as more fully described in Parts A through D of Count 1 of this First Superseding Indictment, which are re-alleged and incorporated by reference as though set forth fully herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely an organization which was engaged in activities which affected interstate commerce.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.      At all times relevant to this indictment, as more fully described in Parts A through D of Count 1 of this First Superseding Indictment, which are re-alleged and incorporated by this reference as though set forth fully herein, the above described enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1).

3.      On or about November 4, 2004, in the Western District of Washington, for the purpose of maintaining and increasing his position in the Bandidos OMO, an enterprise engaged in racketeering activity, BRITT AUGUSTUS ANDERSON, did intentionally assault G.B., with a deadly and dangerous weapon to wit: a knife.

All in violation of Title 18, United States Code, Section 1959(a)(3) and Revised Code of Washington, Section 9A.36.021(1)(c).

//

//

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 19

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 8

### (Conspiracy to Tamper with a Witness)

1.    Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.    Beginning at a time unknown but during December 2004 and continuing through on or about June 9, 2005, within the Western District of Washington, and elsewhere, BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL, and others known and unknown, knowingly and intentionally did conspire and agree to corruptly persuade, with the intent to cause or induce, another person to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer.

In furtherance of the conspiracy, at least one of the following acts was committed by one or more conspirator:

a.    On or about December 11, 2004, HUGH GALE HENSCHEL, a Bandidos National Sergeant-at-Arms, approached G.B. in person and stated to him, "It would be your best interest to drop the charges against Britt," referring to Bandidos OMO member BRITT ANDERSON.

b.    On or about February 22, 2005, a coconspirator approached G.B.'s wife in a parking lot and stated to her, "Tell your husband to drop the charges or you won't wake up some morning."

c.    On February 23, 2005, one or more coconspirators placed four live bullets on the roof of G.B.'s car.

d.    On February 23, 2005, a coconspirator dressed in Bandidos colors and riding his Harley Davidson motorcycle, drove by G.B.'s residence.

All in violation of Title 18, United States Code, Sections 1512(b)(3) and 1512(k).

//

//

//

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 9

### (Tampering with a Witness)

1.      Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      On or about December 11, 2004, at Whatcom County, within the Western District of Washington, BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL, and others known and unknown, did knowingly threaten, intimidate and attempt to intimidate, and aid and abet in the threat, intimidation, and attempt to intimidate, G.B., with the intent to hinder, delay, and prevent the communication to a law enforcement officer relating to the commission or possible commission of a federal offense.

3.      The Grand Jury alleges that this offense was committed during and in furtherance of the conspiracy charged in Count 8 above.

All in violation of Title 18, United States Code, Sections 2 and 1512(b)(3).

## COUNT 10

### (Conspiracy to Possess and Sell Stolen Motor Vehicle)

1.      Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      Beginning at a time unknown but during November 2002, in the Western District of Washington and the District of Oregon, BRITT AUGUSTUS ANDERSON, DARRELL J. MORRIS, STEVEN D. GLENN, and others known and unknown, knowing and intentionally conspired and agreed to receive, possess, conceal, store, barter, sell and dispose of a motor vehicle which had crossed State boundaries, specifically, a 2000 Harley Davidson. FXR4, bearing Washington license plate number 688042, with knowledge that the 2000 Harley Davidson had been stolen.

All in violation of Title 18, United States Code, Sections 317 and 2313.

//

//

//

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 21

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 11

### (Transportation of a Stolen Motorcycle)

1.      Parts A through D of Count 1of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      On or about November 15, 2002, within the Western District of Washington, DARRELL J. MORRIS and STEVEN D. GLENN did knowingly and unlawfully transport, and aid and abet in the unlawful transport, in interstate commerce, a stolen motor vehicle, that is, a 2000 Harley Davidson, FXR4, bearing Washington license plate number 688042, from the State of Washington to the State of Oregon, knowing the same to be stolen.

3.      The Grand Jury alleges that this offense was committed during and in furtherance of the conspiracy charged in Count 10 above.

All in violation of Title 18, United States Code, Sections 2 and 2312.

## COUNT 12

### (Conspiracy to Traffic in Certain Motor Vehicles and Motor Vehicle Parts)

1.      Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      Beginning at a time unknown, but during 2000, and continuing through on or about June 9, 2005, GEORGE WEGERS, GLENN WILLIAM MERRITT, WILLIAM EDWIN JAMES, VINCENT REEVES, JAMES AUSTIN PENNELL, RICHARD MacMILLAN, GERALD RASCHKA, LEONARD RASCHKA, ANTHONY DEVRIES, and others known and unknown, knowingly and intentionally did conspire and agree to receive, possess, and obtain control of, with intent to sell and otherwise dispose of, motor vehicles and motor vehicle parts, knowing that the vehicle identification number (VIN) of said motor vehicles and motor vehicle parts had been removed, obliterated, tampered with, and altered.

In furtherance of such agreement, one or more coconspirators committed at least one of the following overt acts:

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          a.     On or about December 12, 2002, VINCENT REEVES falsely

2 reported to the Butte Police Department that his 1999 Chevrolet short box pick-up truck

3 had been stolen. He subsequently submitted a false insurance claim to Safeco Insurance.

4          b.     Sometime between December 12, 2002, and August 2003, GLENN

5 WILLIAM MERRITT obtained the 1999 Chevrolet pick-up truck from VINCENT

6 REEVES, and caused the 1999 Chevrolet truck to be transported from Montana to

7 Washington.

8          c.     On August 21, 2003, GLENN WILLIAM MERRITT received a VIN

9 plate from a different vehicle from a confidential source to use on the 1999 Chevrolet

10 pick-up truck.

11          d.     On or about November 24, 2003, GLENN WILLIAM MERRITT

12 directed another person to switch the original VIN plate on the 1999 Chevrolet pick-up

13 truck with the VIN plate provided by the confidential source.

14          e.     On or about February 12, 2004, GLENN WILLIAM MERRITT

15 accepted payment for a stolen 1998 Harley Davidson Bagger motorcycle from a

16 confidential source.

17          f.     During April 2004, GLENN WILLIAM MERRITT caused JAMES

18 AUSTIN PENNELL to disassemble and prepare for transportation a stolen 1947 Harley

19 Davidson Knucklehead.

20          g.     On April 7, 2004, GLENN WILLIAM MERRITT provided a

21 confidential source with the parts for the Harley Davidson Bagger. MERRITT provided

22 the engine, which was missing the crankcases (in order to conceal the vehicle

23 identification number) and the transmission that displayed the vehicle identification

24 number obliterated by the process of a "punch."

25          h.     On April 28, 2005, GLENN WILLIAM MERRITT took the stolen

26 1992 Harley Davidson Fatboy to the Washington State Patrol office in Bellingham,

27 Washington for a VIN inspection in an effort to later sell the motorcycle.

28      All in violation of Title 18, United States Code, Sections 371 and 2321(a).

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 23

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 13

### (Trafficking in a Certain Motor Vehicle)
### (1999 Chevrolet Truck)

1.      Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      In or around December 2002 , and continuing through on or about June 9, 2005, within the Western District of Washington, and elsewhere GLENN WILLIAM MERRITT,  VINCENT REEVES, and RICHARD MacMILLAN, did knowingly receive, possess, and obtain control of, and aid and abet in the receipt, possession, and control of, with intent to sell and otherwise dispose of, a motor vehicle, to wit: a black 1999 Chevrolet short box pick-up truck, knowing that the vehicle identification number (VIN) of said motor vehicle  had been removed, obliterated, tampered with, and altered.

3.      The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 12 above.

All  in violation of Title 18, United States Code, Sections 2 and 2321(a).

## COUNT 14

### (Trafficking in a Certain Motor Vehicle)
### (1947 Harley Davidson Knucklehead)

1.      Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.      Beginning at a time unknown, but during December 2003, and continuing to on or about June 9, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT, JAMES AUSTIN PENNELL, ANTHONY DEVRIES, RICHARD MacMILLAN, LEONARD RASCHKA, GERALD RASCHKA, and others known and unknown to the Grand Jury, did knowingly receive, possess, and obtain control of, and aid and abet in the receipt, possession, and obtaining control of, with intent to sell and otherwise dispose, a motor vehicle, to wit:  a 1947 Harley Davidson Knucklehead motorcycle, knowing that the vehicle identification number (VIN) of said motor vehicle had been unlawfully removed, obliterated, tampered with, and altered.

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3.    The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 12 above.

All in violation of Title 18, United States Code, Sections 2 and 2321(a).

## COUNT 15

### (Trafficking in Certain Vehicle Parts)
### (1998 Harley Davidson Bagger)

1.    Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.    Beginning at a time unknown, but during April 2004, and continuing through on or about June 9, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT, and others known and unknown to the Grand Jury, did knowingly receive, possess, and obtain control of, with intent to sell and otherwise dispose of, motor vehicle parts, to wit: an engine and miscellaneous engine parts belonging to a 1998 Harley Davidson Bagger motorcycle, knowing that the vehicle identification number (VIN) of said motor vehicle parts had been unlawfully removed, obliterated, tampered with, and altered.

3.    The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 12 above.

All in violation of Title 18, United States Code, Section 2321(a).

## COUNT 16

### (Trafficking in a Certain Motor Vehicle)
### (1992 Harley Davidson Fatboy)

1.    Parts A through D of Count 1 of this First Superseding Indictment are incorporated in this paragraph as if fully set forth herein.

2.    Beginning at a time unknown, but during October 2004, and continuing through on or about April 28, 2005, GEORGE WEGERS, GLENN WILLIAM MERRITT, JAMES AUSTIN PENNELL, WILLIAM EDWIN JAMES, and others known and unknown to the Grand Jury, did knowingly receive, possess, and obtain control of, and aid and abet in the receipt, possession, and obtaining control of, with

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553 7970

1  intent to sell and otherwise dispose, a motor vehicle, to wit:  a 1992 Harley Davidson

2  Fatboy motorcycle, knowing that the vehicle identification number (VIN) of said motor

3  vehicle had been unlawfully removed, obliterated, tampered with, and altered.

4         3.    The Grand Jury alleges that this offense was committed during and in

5  furtherance the conspiracy charged in Count 12 above.

6         All  in violation of Title 18, United States Code, Sections 2 and 2321(a).

7                              **COUNT 17**

8                  **(Conspiracy to Distribute Methamphetamine)**

9         1.    Parts A through D of Count 1 of this First Superseding Indictment are

10  incorporated in this paragraph as if fully set forth herein.

11         2.    Beginning at a time unknown, but during 2000 and continuing through

12  March 2003, within the Western District of Washington and elsewhere, GLENN

13  WILLIAM MERRITT, BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL,

14  ANTHONY DEVRIES, and others known and unknown, did knowingly and intentionally

15  conspire to distribute methamphetamine, a substance controlled under Schedule II of Title

16  21,United  Section 812.

17         3.    The Grand Jury alleges that this offense involved 50 grams or more of pure

18  methamphetamine (actual).

19         All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)

20  and 846.

21                              **COUNT 18**

22                  **(Conspiracy to Distribute Methamphetamine)**

23         1.    Parts A through D of Count 1 of this First Superseding Indictment are

24  incorporated in this paragraph as if fully set forth herein.

25         2.    Beginning at a time unknown, but sometime during 2002, and continuing to

26  on or about June 9, 2005, within the Western District of Washington, and elsewhere,

27  GLENN WILLIAM MERRITT, JULIE ANDERSON, WALTER BAIL, and others

28  known and unknown to the Grand Jury, did knowingly and intentionally conspire to

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 26

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

distribute methamphetamine, a substance controlled under Schedule I of Title 21, United States Code, Section 812, and methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

3. The Grand Jury alleges that this offense involved 50 grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

## COUNT 19

### (Distribution of Methamphetamine)

1. On or about December 16, 2004, within the Western District of Washington, GLENN WILLIAM MERRITT did knowingly and intentionally distribute methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2. The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 18 above.

3. The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 20

### (Distribution of Methamphetamine)

1. On or about February 26, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT and WALTER BAIL, did knowingly and intentionally distribute, and aid and abet in the distribution of, methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2. The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 19 above.

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 27

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

3.     The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 21

### (Distribution of Methamphetamine)

1.     On or about March 1, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT and WALTER BAIL, did knowingly and intentionally distribute, and aid and abet in the distribution of, methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2.     The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 19 above.

3.     The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

## COUNT 22

### (Distribution of Methamphetamine)

1.     On or about March 9, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT and WALTER BAIL, did knowingly and intentionally distribute, and aid and abet in the distribution of, methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2.     The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 19 above.

3.     The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 28

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 23

### (Distribution of Methamphetamine)

1.      On or about April 28, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT did knowingly and intentionally distribute methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2.      The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 19 above.

3.      The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 24

### (Possession of Methamphetamine with Intent to Distribute)

1.      On or about June 9, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT and JULIE ANDERSON did knowingly and intentionally distribute methamphetamine, a substance controlled under Schedule II of Title 21, United States Code, Section 812.

2.      The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 19 above.

3.      The Grand Jury further alleges that this offense involved five (5) grams or more of pure methamphetamine (actual).

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 25

### (Carrying a Firearm During and in Relation to a Drug Trafficking Crime)

1.      On or about February 26, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT, did knowingly carry a firearm to wit: a Glock 9 mm

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 29

1   handgun, one .22 caliber pistol, and one Taurus revolver pistol, during and in relation to a

2   drug trafficking crime, to wit: the distribution of methamphetamine, as charged in Count

3   10 above.

4       2.     The Grand Jury alleges that this offense was committed during and in

5   furtherance the conspiracy charged in Count 19 above.

6       All in violation of Title 18, United States Code, Section 924(c)(1)(A).

7                     **COUNT 26**

8            **(Conspiracy to Distribute Marijuana)**

9       1.     Parts A through D of Count 1 of this First Superseding Indictment are

10   incorporated in this paragraph as if fully set forth herein.

11       2.     Beginning at a time unknown, but sometime during 2003, and continuing to

12   on or about June 9, 2005, within the Western District of Washington, and elsewhere,

13   GLENN WILLIAM MERRITT, JULIE ANDERSON, and others known and unknown to

14   the Grand Jury, did knowingly and intentionally conspire to distribute marijuana, a

15   substance controlled under Schedule I of Title 21, United States Code, Section 812.

16       3.     The Grand Jury alleges that this offense involved less than fifty (50)

17   kilograms of a mixture and substance containing marijuana.

18       All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D),

19   and 846.

20                     **COUNT 27**

21               **(Distribution of Marijuana)**

22       1.     On or about July 15, 2004, within the Western District of Washington,

23   GLENN WILLIAM MERRITT did knowingly and intentionally distribute marijuana, a

24   substance controlled under Schedule I of Title 21, United States Code, Section 812.

25       2.     The Grand Jury alleges that this offense was committed during and in

26   furtherance the conspiracy charged in Count 26 above.

27       All in violation of Title 21, United States Code, Sections 841(a)(1) and

28   841(b)(1)(D).

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 30

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 28

### (Distribution of Marijuana)

1.     On or about January 5, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT did knowingly and intentionally distribute marijuana, a substance controlled under Schedule I of Title 21, United States Code, Section 812.

2.     The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 26 above.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 29

### (Distribution of Marijuana)

1.     On or about January 6, 2005, within the Western District of Washington, GLENN WILLIAM MERRITT did knowingly and intentionally distribute marijuana, a substance controlled under Schedule I of Title 21, United States Code, Section 812.

2.     The Grand Jury alleges that this offense was committed during and in furtherance the conspiracy charged in Count 26 above.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

## COUNT 30

### (Manufacture of Marijuana)

During 2005 and continuing through on or about June 9, 2005, in Whatcom County, within the Western District of Washington, JAMES PENNELL did knowingly and intentionally manufacture marijuana, a substance controlled under Schedule I, Title 21, United States Code, Section 812.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 31

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## COUNT 31

### (Felon in Possession of Ammunition)

On or about June 9, 2005, at Bellingham, within the Western District of Washington, MICHAEL PLEICH a/k/ Spyke, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Felony Eluding (Whatcom County Superior Court, May 1, 2003), did knowingly possess ammunition, to wit: (a) one round of Eldorado Cartridge Corporation .357 caliber; (b) one round of Federal Cartridge Company .357 caliber; and (c) one round of Starline Incorporated .41 caliber, all of which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 32

### (Felon in Possession of Firearm)

On or about July 24, 2005, at Bellingham, within the Western District of Washington, MICHAEL PLEICH a/k/a Spyke, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Felony Eluding (Whatcom County Superior Court, May 1, 2003), did knowingly possess a firearm, to wit: a 308 rifle bearing serial number 88291, which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 33

### (Felon in Possession of Firearms and Ammunition)

On or about June 9, 2005, at Ferndale, in the Western District of Washington, HUGH GALE HENSCHEL, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, Theft First Degree (Whatcom County Superior Court, March 22, 1982), did knowingly possess ammunition and firearms, to wit: three hundred (300) rounds of CCI .22 caliber, one 9 caliber Beretta Pistol, model number 92FS bearing serial number BER025385; one 22 caliber Jennings Pistol, model number J22 bearing serial number 459301; one 9 caliber Star Bonifacio Escheverria

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 32

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Pistol bearing serial number 2048306; one 30-06 Remington Rifle bearing serial number

2    SN8628997; and one 9 mm MBC Pistol, model Cobray M-11 bearing serial number 89-

3    0032022, all of which had been shipped and transported in interstate commerce.

4        All in violation of Title 18, United States Code, Section 922(g)(1).

5                        **COUNT 34**

6           **(Felon in Possession of Ammunition and Firearms)**

7        On or about June 9, 2005, in Whatcom County, within the Western District of

8    Washington, BRITT AUGUSTUS ANDERSON, having been convicted of a crime

9    punishable by a term exceeding one year, that is, Robbery Second Degree (King County

10    Superior Court, October 31, 2000), knowingly possessed ammunition and firearms, to

11    wit: seven (7) rounds of Remington .22 caliber, one Springfield shotgun, model 5100,

12    12 gauge, all of which had been shipped and transported in interstate commerce.

13        All in violation of Title 18, United States Code, Section 922(g).

14                        **COUNT 35**

15                **(Felon in Possession of Firearm)**

16        On or about June 9, 2005, at Vader, within the Western District of Washington,

17    ROBIN WADE HUNDAHL, having been convicted of a crime punishable by a term

18    exceeding one year, that is, Vehicle Theft (Colorado Case Number 95CR000111,

19    November 27, 1995), knowingly possessed firearms, to wit: one .12 gauge Mossberg

20    shotgun, and one Winchester .12 gauge shotgun, model 37, both of which had been

21    shipped and transported in interstate commerce.

22        All in violation of Title 18, United States Code, Section 922(g).

23                        **COUNT 36**

24       **(Possession of Firearm with Obliterated Serial Number)**

25        On or about June 9, 2005, at Bellingham, within the Western District of

26    Washington, JIMMIE GARMAN did knowingly possessed a firearm to wit: one .22

27    caliber Colt Handgun Pistol, which had the manufacturer's serial number removed,

28

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC - 33

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  obliterated and altered, and which had been shipped and transported in interstate

2  commerce.

3      All in violation of Title 18, United States Code, Section 922(k).

4  **CRIMINAL FORFEITURE NOTICE**

5  **A.   RICO OFFENSES**

6      The allegations contained in Counts 1 and 2 of this First Superseding Indictment

7  are hereby repeated, realleged, and incorporated by reference herein as though fully set

8  forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18,

9  United States Code, Section 1963.

10     The RICO defendants, GEORGE WEGERS a/k/a Bandido George, GLENN

11 WILLIAM MERRITT a/k/a Bandido Glenn, HUGH HENSCHEL a/k/a Corky,

12 BERNARD RUSSELL ORTMAN a/k/a Bandido Bernie, WILLIAM EDWIN JAMES

13 a/k/a Willie, ANTHONY DEVRIES, BRITT AUGUSTUS ANDERSON,

14     i.     have acquired and maintained interests in violation of Title 18,

15 United States Code, Section 1962, which interests are subject to forfeiture to the United

16 States pursuant to Title 18, United States Code, Section 1963(a)(1);

17     ii.    have an interest in, security of, claims against, and property and

18 contractual rights which afford a source of influence over the enterprise named and

19 described herein which the defendants established, operated, controlled, conducted, and

20 participated in the conduct of, in violation of Title 18, United States Code, Section 1962,

21 which interests, securities, claims, and rights are subject to forfeiture to the United States

22 pursuant to Title 18, United States Code, Section 1963 (a)(2); and,

23     iii.   have property constituting and derived from proceeds obtained,

24 directly, and indirectly, from the aforesaid racketeering activity, in violation of Title 18,

25 United States Code, Section 1962, which property is subject to forfeiture to the United

26 States pursuant to Title 18, United States Code, Section 1963(a)(3).

27     If any forfeitable property, as a result of any act or omission of the RICO

28 defendants  cannot be located upon the exercise of due diligence, has been transferred or

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  sold to, or deposited with, a third person, has been placed beyond the jurisdiction of the

2  Court, has been substantially diminished in value, or has been commingled with other

3  property which cannot be subdivided without difficulty, it is the intent of the United

4  States, pursuant to Title 18, United States Code, Section 1963(m), to seek the forfeiture of

5  any property of the RICO defendants up to the value of the forfeitable properties.   The

6  RICO defendants are jointly and severally liable for the forfeiture obligations as alleged

7  above.

8      All pursuant to Title 18, United States Code, Section 1963.

9  **B.     Drug Offenses**

10     Pursuant to Title 21, United States Code, Section 853, the Grand Jury alleges that

11  as a result of the felony offenses charged in Counts 4, and 18 through 24 above,

12  punishable by imprisonment for more than one year, GLENN WILLIAM MERRITT,

13  BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL, ANTHONY DEVRIES,

14  WALTER BAIL, and JULIE ANDERSON shall forfeit to the United States of America

15  any and all interest in property, real or personal, constituting, or derived from, any

16  proceeds obtained, directly or indirectly, as the result of said criminal offenses, and shall

17  further forfeit any and all interest in property, used or intended to be used, in any manner

18  or part to commit, and to facilitate the commission of such felony offenses.

19     If any forfeitable property, as a result of any act or omission of GLENN

20  WILLIAM MERRITT, BRITT AUGUSTUS ANDERSON, HUGH GALE HENSCHEL,

21  ANTHONY DEVRIES, WALTER BAIL, and JULIE ANDERSON  cannot be located

22  upon the exercise of due diligence, has been transferred or sold to, or deposited with, a

23  third person, has been placed beyond the jurisdiction of the Court, has been substantially

24  diminished in value, or has been commingled with other property which cannot be

25  //

26  //

27  //

28  //

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 35

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   subdivided without difficulty, it is the intent of the United States, pursuant to Title 21,

2   United States Code, Section 853(p), to seek the forfeiture of any property of the

3   defendants up to the value of the forfeitable properties.

4                                   A TRUE BILL:

5                                   DATED:

6                                   Signature of Foreperson redacted
                                    pursuant to the policy of the Judicial
7                                   Conference

8                                   _____
                                    FOREPERSON

9

10  _____
    JOHN McKAY
    United States Attorney

12

13  _____
14  DOUGLAS B. WHALLEY
    Assistant United States Attorney

15

16  _____
17  YE-TING WOO
    Co-Lead Assistant United States Attorney

18

19  _____
20  BRUCE F. MIYAKE
    Co-Lead Assistant United States Attorney

21

22

23

24

25

26

27

28

FIRST SUPERSEDING INDICTMENT/
United States v. George Wegers, et al., CR05-231JCC  - 36

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970